UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL FORD,

        Movant,

v.

        File No. 1:01-CV-317

        HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.
        _____/

## ORDER OF TRANSFER

On August 1, 2001, this Court entered a memorandum opinion and order (Docket #4) denying Movant Darryl Ford's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The matter presently is before the Court on Ford's motion filed pursuant to FED. R. CIV. P. 60(b), seeking relief from judgment from the Court's August 1, 2001 opinion and order (Docket #13). Movant also has filed a motion for judgment on the pleadings (Docket #14), which supplements his motion for relief from judgment.

In his § 2255 motion, Movant contended that his sentence was imposed in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In his Rule 60(b) motion, Movant contends that this Court's August 1, 2001 decision denying relief misapplied *Apprendi*, as demonstrated by the Supreme Court's subsequent decision in *Blakely v. Washington*, 542 U.S.

296, 124 S. Ct. 2531 (2004), and, presumably, *United States v. Booker*, 125 S. Ct. 738 (2005).

A Rule 60(b) motion for relief from judgment that challenges the substantive claims raised in the earlier petition "is the practical equivalent of a successive habeas corpus petition." *McQueen v. Scroggy*, 99 F.3d 1302, 1335 (6th Cir. 1996). The Supreme Court recently has addressed the interrelationship between Rule 60(b) and successive habeas petitions under 28 U.S.C. §§ 2254 and 2244(b) following adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. §§ 2244(b), 2254, 2255. *See Gonzalez v. Crosby*, 125 S. Ct. 2641 (2005). The *Gonzalez* Court held that a Rule 60(b) motion that seeks to advance one or more substantive claims after denial of a habeas petition is properly classified as a second or successive petition requiring authorization from the Court of Appeals before filing. *Id.* at 2647-48. Under the changes made by the AEDPA, § 2255, like § 2244(b), bars this Court from considering a second or successive petition absent authorization by a panel of the Sixth Circuit under the procedures set forth in § 2244. *See* 28 U.S.C. §§ 2255, 2244; *Clay v. United States*, 537 U.S. 522, 524-25 (2005) (indicating that §§ 2254 and 2255 should be construed in consistent manner). As a result, the reasoning of *Gonzalez* is equally applicable in the context of § 2255.

Here, Movant seeks reconsideration of the Court's August 1, 2001 order on the grounds that the Court's denial of relief violates the principles set forth by the Supreme Court in light of *Blakely*, 542 U.S. 296, and *Booker,* 125 S.Ct. 738. The motion unquestionably

seeks to raise a substantive claim. Under the standard set forth in *Gonzalez*, therefore, the instant motion must be considered a second or successive petition under § 2255. *See Post v. Bradshaw*, ___ F.3d ___, 2005 WL 1796223 (6th Cir. July 29, 2005) (emphasizing that *Gonzalez* prohibits district court exercise of jurisdiction over any Rule 60(b) motion that seeks merits-based review). Accordingly,

**IT IS HEREBY ORDERED** that Movant Ford's motion for relief from judgment (Docket #12) and his motion for judgment on the pleadings (Docket #14) are **TRANSFERRED** to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

**IT IS FURTHER ORDERED** that the Clerk of this Court shall **TRANSMIT** the file to the Clerk of the Court of Appeals.


Date:  August 16, 2005          /s/ Robert Holmes Bell
                                ROBERT HOLMES BELL
                                CHIEF UNITED STATES DISTRICT JUDGE